ORIGINAL 3-16CV-3067K

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED
2016 NOV -1 P 3:59

| | |
|---|---|
| Sherri R. Lowe, | § Cause No. _____ |
| Plaintiff | § DEMAND FOR JURY TRIAL |
| vs. | § |
| Firestone Tire & Rubber Company | § Petitioners is appearing before this Court by _____ |
| | § Special Appearance without: Waiving any rights, |
| | § remedies or defenses, Statutory or procedural |

## ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Sherri R. Lowe (hereafter "Plaintiff") and file(s) this Original Petition (hereafter "this Petition"), complaining of Firestone Tire & Rubber Company (hereafter "Defendant") and would show unto the Court as follow:

### PARTIES:

1. Plaintiff Sherri R. Lowe is an individual who resides in Dallas, Dallas County, Texas.

2. Defendant Firestone Tire & Rubber Company is a corporation duly qualified to do business in the State of Texas. Firestone Tire & Rubber Company corporate headquarters is located at 535 Marriott Drive, P.O. Box 140990, Nashville, TN 37214-0990. Served to Gary Garfield (CEO) 535 Marriott Drive, P.O. Box 140990, Nashville, Tennessee, 37214-0990.

### JURIDICTION AND VENUE

3. The Court has subject-matter jurisdiction pursuant to title 28 USCS §1331; 28 USCS §1332; 28 USCS §1348, and 28 USCS §1361, because this action arises under the Constitution and laws of the United States. Defendant was doing business in Dallas, Dallas County, Texas at all times relevant to this lawsuit and caused the "incident" that is the subject of this lawsuit. As a proximate result of said "incident," damages in excess of the minimum jurisdictional limits of this Court were incurred by Plaintiff.

4. The claims asserted herein arise pursuant to Deceptive Trade Practices Act, Tex. Bus. & Com. Code art. §§17.41-17.63 et seq. (hereafter "DTPA").

### FACTS:

5. On February 2, 2016, Sherri R. Lowe went to have the oil changed on my 1998 BMW 540. The mechanic that was assigned to change her oil didn't know how to take off my oil filter, and broke the housing for her oil filter. The manager Rodolfo approached me and told me that the oil filter housing was already broken. Lowe informed him that she brought her vehicle to this same location and had it check out on Friday, and the mechanic that checked it did not see nor did he write in his report that my oil filter housing was broken. Rodolfo, the manager than got hostile and aggressive towards me as we both looked at the vehicle. Rodolfo walked back into the lobby area of the center. Lowe continued to speak with the mechanic that was working on my car. Lowe asked for the manager. He informed her that Rodolfo was the manager. Lowe went into the

lobby area of the center where Rodolfo was and ask him to write up a report. Rodolfo walked up to her and head-bud and replied, "I'm not writing up a report." And he continued back to the work area and purposely bumped into me with his shoulder. Lowe stepped back with dis-belief. Lowe went out to the work area and asked Rodolfo again to write up a report. He rushed toward her in a hostile and aggressive manor and told her to get out of the work area. Lowe stepped out. As Lowe went into the lobby area of the center, she could hear him telling the men in the work area that he was going to do something to her.

6. Lowe went back to the work area where my car was parked with my camera turned on and he could see my camera. He stopped being hostile and aggressive while the camera was on. (Lowe have this part of the incident on camera.) Victor, the guy covering the register walked toward me at that time and ask what the problem was. Lowe told him. Lowe stepped away from him to accept a phone call and he informed Rodolfo that I was calling someone.

7. Lowe requested the regional manager's information and they refused to give me the information. Lowe left because a mechanic – young black male with long hair came into the lobby area threatening me. I had already been assaulted by Rodolfo, so Lowe left without calling the police. However, Lowe did contact the police and make a report later.

## CLAIMS:

FIRST CAUSE OF ACTION AGAINST DEFENDANT FIRESTONE TIRE & RUBBER COMPANY:

### NEGLIGENCE

9. Pursuant to Texas State Law, Plaintiff plead a cause of action against Defendant Firestone Tire & Rubber Company for negligence. The allegations contained in all of the paragraphs of this Petition are hereby reaverred and realleged for all purposes, and incorporated herein with the same force and effect as set forth verbatim herein.

10. On the occasion in question, Defendant Firestone Tire & Rubber Company owed a duty to Plaintiff to exercise reasonably prudent and ordinary care in repairing her car. Defendant Firestone Tire & Rubber Company violated this duty by negligently repairing her care and by failing to act as a reasonably prudent person would have under the same or similar circumstances including, but not limited to:

   A. Failing to ensure that the "car" was safely and properly repaired;
   B. Failing to maintain the "car" properly and correctly;
   C. Failing to service the "car" properly and correctly;
   D. Failing to repair the "car" properly and correctly;
   E. Failing to warn Plaintiff that: shoes could fall from the shelves and cause injury;
   F. Failing to act as a reasonably prudent person would have under the same or similar circumstances.

11. Each of the above-referenced acts and omissions, singly or in combination with others, constituted negligence, which proximately caused the damages suffered by Plaintiff, which are in excess of the minimum jurisdictional limits of this Court.

SECOND CAUSE OF ACTION AGAINST DEFENDANT FIRESTONE TIRE & RUBER COMPANY:

PRODUCTS LIABILITY

12. Pursuant to Texas State law, Plaintiff plead a cause of action against Defendant Firestone Tire & Rubber Company for products liability. The allegations contained in all of the paragraphs of this Petition are hereby reaverred and realleged, for all purposes, and incorporated herein with the same force and effect as if set forth verbatim herein.

13. Prior to the date of this accident, Defendant Firestone Tire & Rubber Company displayed the "car repair services" in a manner so as to render it defective, unsafe, and unreasonably dangerous. At the time of the "incident," the "car repair service" were being used in a manner for which it was not designed, manufactured, assembled and sold.

14. Defendant's display of the "car repair services" caused defective, unsafe, and unreasonably dangerous conditions, which were the producing and proximate cause of the damages sustained by the Plaintiff.

THIRD CAUSE OF ACTION AGAINST DEFENDANT FIRESTONE TIRE & RUBBER COMPANY:

BREACH OF IMPLIED WARRANTY

15. Pursuant to Texas State law, Plaintiff plead a cause of action against Defendant Firestone Tire & Rubber Company for breach of implied warranty. The allegations contained in all of the paragraphs of this Petition are hereby reaverred and realleged, for all purposes, and incorporated herein with the same force and effect as if set forth verbatim herein.

16. At all times herein material, Defendant Firestone Tire & Rubber Company impliedly warranted that it displayed the "car repair services" in a good and workmanlike manner. Further, Defendant Firestone Tire & Rubber Company implied warranted that the "care repair services" were merchantable and fit for ordinary use. Defendant Firestone Tire & Rubber Company breached these implied warranties in one or more of the following aspects:
    A. By offering the "car repair services," which was not merchantable and fit for ordinary use;
    B. By failing to service the "car" in a good and workmanlike manner;
    C. By releasing into the stream of commerce the "car repair services," which was not merchantable;
      And
    D. By its negligence in the offering of the "car repair services."

17. Each of the above-referenced acts and omissions, singly or in combination with others, constituted a breach of an implied warranty, which proximately caused the damages suffered by Plaintiff, which are in excess of the minimum jurisdictional limits of this Court.

FOURTH CAUSE OF ACTION AGAINST DEFENDANT FIRESTONE TIRE & RUBBER COMPANY:

BREACH OF EXPRESS WARRANTY

18. Pursuant to Texas State law, Plaintiff plead a cause of action against Defendant Firestone Tire & Rubber Company for breach of express warranty. The allegations contained in all of the paragraphs of this Petition are hereby reaverred and realleged, for all purposes, and incorporated herein with the same force and effect as if set forth verbatim herein.

19. At all times herein material, Defendant Firestone Tire & Rubber Company expressly warranted that it car repair services in a good and workmanlike manner. Further, Defendant Firestone Tire & Rubber Company expressly warranted that the "car repair services" were merchantable and fit for ordinary use. Defendant Firestone Tire & Rubber Company breached these express warranties in one or more of the following aspects:
   A. By offering "car repair services," which was not merchantable and fit for ordinary use;
   B. By failing to give the "car repair service" in a good and workmanlike manner;
   C. By releasing into the stream of commerce the "car repair service," which was not merchantable;
      And
   D. By its negligence in the offering "car repair services."

20. Each of the above-referenced acts and omissions, singly or in combination with others, constituted a breach of an express warranty, which proximately caused the damages suffered by Plaintiff, which are in excess of the minimum jurisdictional limits of this Court.

FIFTH CAUSE OF ACTION AGAINST DEFENDANT FIRESTONE TIRE & RUBBER COMPANY:
BREACH OF CONTRACT

21. Pursuant to Texas State law, Plaintiff plead a cause of action against Defendant Firestone Tire & Rubber Company for breach of contract. The allegations contained in all of the paragraphs of this Petition are hereby reaverred and realleged, for all purposes, and incorporated herein with the same force and effect as set forth verbatim herein.

22. Plaintiff allege that Plaintiff entered into a valid contractual relationship.
*The courts cannot interpret the statute's language narrowly and disregard the expansive language that describes that right as inclusive of the "enjoyment of all benefits, privileges, terms and conditions of the contract."

  In the retail environment making a contract does not simply occur at the point-of-sale. In fact, making a contract involves several steps and activities, including inspecting and comparing the goods and their prices, inquiring about terms and conditions, and even negotiating.

23. Defendant Firestone Tire & Rubber Company breached this contract by negligently performing its duties under the contract. Further, Defendant Firestone Tire & Rubber Company failed to perform the contract in a good and workmanlike manner. As a direct and proximate consequence of said breach, Plaintiff suffered damages physically and in an amount in excess of the minimum jurisdictional limits of this court.

SIXTH CAUSE OF ACTION AGAINST DEFENDANT FIRESTONE TIRE & RUBBER COMPANY:
BATTERY

24. Pursuant to Texas State law, Plaintiff pleads a cause of action against Defendant Firestone Tire & Rubber Company and its employees' for battery. The allegations contained in all of the paragraphs of this Petition are hereby reaverred and realleged, for all purposes, and incorporated herein with the same force and effect as if set forth herein verbatim.

25. On the occasion in question, Defendant Firestone Tire & Rubber Company and its employees' allowed Plaintiff to be unsafe and unreasonably dangerous conditions, which were the producing and proximate cause of the damages sustained by the Plaintiff. Defendant and its employees also allowed her car to be in unsafe and unreasonably dangerous conditions, which were the producing and proximate cause of the damages to her car.

26. As a direct and proximate result of Defendant Firestone Tire & Rubber Company's conduct as described above, Plaintiff has suffered severe mental anguish and other damages in excess of the minimum jurisdictional limits of this Court.

SEVENTH CAUSE OF ACTION AGAINST DEFENDANT FIRESTONE TIRE & RUBBER COMPANY:  ASSAULT

27. Pursuant to Texas State law, Plaintiff pleads a cause of action against Defendant Firestone Tire & Rubber Company for assault. The allegations contained in all of the paragraphs of this Petition are hereby reaverred and realleged, for all purposes, and incorporated herein with the same force and effect as if set forth herein verbatim.

28. On the occasion in question, Defendant's actions placed Plaintiff in great danger of bodily injury. As a direct and proximate result of Defendant's conduct as described above, Plaintiff suffered severe mental anguish, physical injury, and other damages in excess of the minimum jurisdictional limits of this Court.

EIGHTH CAUSE OF ACTION AGAINST DEFENDANT FIRESTONE TIRE & RUBBER COMPANY:
UNDER A RES IPSA LOQUITUR THEORY

29. Pursuant to Texas State law, Plaintiff pleads a cause of action against Defendant Firestone Tire & Rubber Company and its employees under a res ipsa loquitur theory. The allegations contained in all of the paragraphs of this Petition are hereby reaverred and realleged, for all purposes, and incorporated herein with the same force and effect as if set forth herein verbatim.

30. In addition to specific acts and omissions enumerated above, Plaintiff alleges that Defendant Firestone Tire & Rubber Company and its employees is liable pursuant to the doctrine of res ipsa loquitur. The "car repair services and the assault and battery against customer" were an instrumentality within the exclusive direction and control of Defendant which were the producing and proximate cause of the damages and the accident is not the kind that would ordinarily occur in the absence of someone's negligence.

31. Plaintiff did not commit any voluntary act which in any way contributed to the "incident" or the damages suffered by Plaintiff. Thus, under the doctrine of res ipsa loquitur, an inference is raised that the negligence of Defendant Firestone Tire & Rubber Company and its employees was the cause of the accident because:
    A. the "car repair services" was under the exclusive direction and control of Defendant Firestone Tire & Rubber Company; and
    B. the damage to the "car" would not have occurred in the absence of the negligence or gross negligence of some person.
    C. the physical harm caused to the customer would not have occurred in the absence of the negligence or gross negligence of some person.

**NINTH CAUSE OF ACTION AGAINST DEFENDANT FIRESTONE TIRE & RUBBER COMPANY:**

**DTPA VIOLATION**

32. Pursuant to Texas State law, Plaintiff pleads a cause of action against Defendant Firestone Tire & Rubber Company for violation for the Deceptive Trade Practices Act, Tex. Bus. & Com. Code art. §§17.41-17.63 et seq. (hereafter "DTPA"). The allegations contained in all of the paragraphs of this Petition are hereby reaverred and realleged, for all purposes, and incorporated herein with the same force and effect as set forth verbatim herein.

33. By virtue of seeking to purchase goods and/or services from Defendant Firestone Tire & Rubber Company, Plaintiff was a consumer covered by the DTPA. By reason of the facts enumerated above, Defendant Firestone Tire & Rubber Company directly and indirectly violated the provisions of the DTPA.

34. The actions or inaction complained of herein constitute a violation of §17.50(a)(2) of the DTPA by breaching an express and/or implied warranty and entitle Plaintiff to multiple damages as well as attorneys' fees and costs. In addition, the actions or inaction of Defendant Firestone Tire & Rubber Company was unconscionable action or course of action in violation of §17.50(a)(3) of the DTPA.

35. Written notice was given to Defendant Firestone Tire & Rubber Company by Plaintiff more than thirty (30) days prior to the filing of this cause of action in compliance with §17.50 of the DTPA. Defendant Firestone Tire & Rubber Company has failed to tender or make an offer of settlement to Plaintiff.

36. Plaintiff detrimentally relied upon the above-described representations made by Defendant Firestone Tire & Rubber Company and its employees. Said representations were a producing cause of damages to Plaintiff. Further, as a producing and proximate result of the representations made by Defendant Firestone Tire & Rubber Company and its employees. Plaintiff suffered damages in excess of the minimum jurisdictional limits of this Court.

**TENTH CAUSE OF ACTION AGAINST DEFENDANT FIRESTONE TIRE & RUBBER COMPANY:**

**VICARIOUS LIABILITY**

37. Pursuant to Texas State law, Plaintiff pleads a cause of action against Defendant Firestone Tire & Rubber Company for vicarious liability. The allegations contained in all of the paragraphs of this Petition are hereby reaverred and realleged, for all purposes, and incorporated herein with the same force and effect as set forth verbatim herein.

38. At the time of the accident in question, and all times relevant to the lawsuit, Defendant's employees' was acting in the course and scope of its authority.
   A. Defendant's employees' failure to ensure that the "car repair services and safety of customer" was safely and properly within the store facility;
   B. Defendant's employees' failure to ensure the "safety of customer" properly and correctly;

C. Defendant's employees' failure to maintain the "car repair services and safety of customer" properly and correctly;
D. Defendant's employees' failure to service the "car" properly and correctly;
E. Defendant's employees' failure to prevent damage and injury to the customer the "car" properly and correctly;
F. Defendant's employees' failure to render service to the "car" properly and correctly;
G. Defendant's employees' failure to provide a safe environment to the "customer" properly and correctly;
H. Defendant's employees' failure to warn Plaintiff that: car could be damages;
I. Defendant's employees' failure to provide "car repair services" in a good and workmanlike manner; and
J. Defendant's employees' failure to act as a reasonably prudent person would have under the same or similar circumstances.

39. Pursuant to the doctrine of respondeat superior, Defendant Firestone Tire & Rubber Company's and its employees' negligence, as described in greater particularity above, is imputed to Defendant Firestone Tire & Rubber Company.

40. Each of the above-referenced acts and omissions, singly or in combination with others, constituted negligence, and gross negligence which proximately caused the damages Plaintiff suffered, which are in excess of the minimum jurisdictional limits of this Court.

## DAMAGES FOR MENTAL ANGUISH

41. As a consequences of the foregoing facts and the willful and malicious nature of the wrongs committed against the Plaintiff, Plaintiff have suffered and will suffer past, present and future severe mental anguish, for which they plead to recover at trial. The damages for said mental anguish exceed the minimum jurisdictional limits of this court.

## PUNITIVE DAMAGES

42. As a consequence of the foregoing clear and convincing facts and the willful and malicious nature of the wrongs committed against the Plaintiff. Plaintiff is entitled to exemplary damages in excess of the minimum jurisdictional limits of this court.

## PRAYER

WHEREFORE, Plaintiff ask for relief and judgment, as follows:
A.    Declaring the action to be a proper action pursuant to Fed. R. Civ. P. 23
B.    Awarding compensatory damages, punitive damages, and exemplary damages in favor of Plaintiff against all defendants, jointly and severally, for all damages sustained as a result of defendants wrongdoing, for the amount of $10,000,000 upon proven defendant's wrong doing at trial or summary judgment, including interest thereon;
C.    Awarding Plaintiff reasonable costs and expenses incurred in this action, including attorney's fees as necessary; and
D.    Awarding such equitable, injunctive, and other relief as the Court may deem just and proper.

JURY TRIAL DEMANDED
    Plaintiff hereby demand a trial by jury.

Dated: 10/31/2016
SHERRI R. LOWE, PRO SE LITIGANT
By: *[signature]*
Sherri R. Lowe, Pro Se Litigant
P.O. Box 397954
Dallas, Texas 75339

## CERTIFICATE OF SERVICE

On this 31 day of October 2016, I filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas. I hereby certify that I have served all counsel a true and correct copy of the foregoing documents to defendant at Served to Gary Garfield (CEO) 535 Marriott Drive, P.O. Box 140990, Nashville, Tennessee, 37214-0990.

Via U.S. Mail
*[signature]*
Sherri R. Lowe, Pro Se Litigant

JS 44 (Rev. 07/16)           CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Sherri R. Lowe

**DEFENDANTS**
Firestone Tire & Rubber Company

**(b)** County of Residence of First Listed Plaintiff: Dallas
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Nashville, TN
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Pro Se Litigant
P.O. Box 39795
Dallas, TX 75239

Attorneys *(If Known)*: Unknown

[RECEIVED NOV - 1 2016 CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF TX]

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☒ 355 Motor Vehicle Product Liability
- ☒ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**TORTS — PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS — Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USCS §1332

Brief description of cause: Damage to car and Personal Injury

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ 10,000,000
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE: _____
DOCKET NUMBER: _____

DATE: 11/01/2016
SIGNATURE OF ATTORNEY OF RECORD: Sherri R. Lowe, Pro Se Litigant

**FOR OFFICE USE ONLY**
RECEIPT # 95227    AMOUNT $400.00    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____