IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHERRI R. LOWE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:16-CV-3067-K (BT) |
| | § | |
| FIRESTONE TIRE & RUBBER COMPANY, | § | |
| | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court in this *pro se* civil action are two dispositive motions filed by Defendant Bridgestone Retail Operations, LLC:[1] (1) a Motion to Dismiss for Failure to State a Claim under Fed. R. Civ. P. 12(b)(6) and 12(c) [ECF No. 23]; and (2) a Motion for Summary Judgment [ECF No. 26]. Plaintiff Sherri R. Lowe failed to file a written response to either motion. For the reasons stated, Defendant's summary judgment motion should be GRANTED, and all of Plaintiff's claims and causes of action should be DISMISSED with prejudice. Defendant's motion to dismiss is moot.

---

[1] Defendant states in its Answer that it has been incorrectly sued as "Firestone Tire & Rubber Company." *See* Answer 1 [ECF No. 7]. Defendant explains that Bridgestone Retail Operations, LLC is the proper party to this lawsuit, because it owns – and owned at the time of the alleged incident – the Firestone Complete Auto Care store, which Plaintiff references in her Complaint. *See* Resp. 4-5 [ECF No. 17].

1

## Background

This lawsuit arises out of an incident that is alleged to have occurred at a Firestone Complete Auto Care store owned by Defendant in Dallas, Texas (the "Firestone store"). Plaintiff avers that she brought her 1998 BMW 540 to the Firestone store for an oil change, on February 2, 2016. *See* Compl. 1 [ECF No. 3]. A mechanic employed by Defendant allegedly damaged the oil filter bracket on her car. *See* Compl. 1 [ECF No. 3]. When Plaintiff confronted the mechanic about the damage, both the mechanic and the manager of the Firestone store acted aggressively towards Plaintiff and threatened her when she refused to accept the mechanic's explanation for the damage. *See* Compl. 1-2. Based on this conduct, Plaintiff filed her Complaint on November 1, 2016, by which she asserts numerous claims and causes of action against Defendant, including: (1) negligence; (2) products liability; (3) breach of implied warranty; (4) breach of express warranty; (5) breach of contract; (6) battery; (7) assault; and (8) violations of the Texas Deceptive Trade Practices Act ("DTPA"), Tex. Bus. & Com. Code §§ 17.41-17.63. *See* Compl. 2-6. Plaintiff seeks $10 million dollars in damages, as well as injunctive relief. *See* Compl. 7.

Plaintiff served Defendant, by mail, on November 7, 2016. *See* Return [ECF No. 6]. Defendant filed an answer on November 28, 2016. *See* Answer 1 [ECF No. 7]. On the same day, Plaintiff filed a motion for default

judgment and requested that the Clerk of Court enter a default. *See* Mot. [ECF No. 10]. Plaintiff later filed a motion to strike Defendant's answer and two additional motions for default judgment. *See* Mots. [ECF Nos. 12, 13, 14]. The Court found that Defendant had timely filed its answer and denied all of Plaintiff's motions as lacking merit. *See* Order [ECF No. 19].

Defendant then filed a Motion to Dismiss [ECF No. 23] and later a Motion for Summary Judgment [ECF No. 26]. As grounds for its Motion to Dismiss, Defendant argues Plaintiff has failed to plead sufficient facts to establish any of her claims. With respect to its summary judgment motion, Defendant argues that Plaintiff lacks the evidence necessary to establish the existence of at least one essential element of each of her causes of action. Plaintiff failed to file a response to either of Defendant's motions.

Because the issues are dispositive of all of Plaintiff's claims and causes of action, the Court first considers Defendant's summary judgment motion.

**Legal Standards and Analysis**

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking summary judgment bears the initial burden of showing the absence of a genuine issue for trial. *See Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995). The

3

movant's burden can be satisfied by demonstrating that there is an absence of evidence which supports the nonmoving party's case for which that party would have the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant meets its initial burden, the non-movant must show that summary judgment is not proper. *See Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). The parties may satisfy their respective burdens "by tendering depositions, affidavits, and other competent evidence[.]" *See Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). The party opposing the summary judgment motion must identify specific evidence in the record and state the precise manner in which that evidence supports the party's claim. *Esquivel v. McCarthy*, 2016 WL 6093327, at *2 (N.D. Tex. Oct. 18, 2016) (citing R*agas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1988)). "[T]he court is under no duty to sift through the record to find evidence that supports a nonmovant's opposition to a motion for summary judgment." *Id.* (citing *Ragas*, 136 F.3d at 458; *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992)). All evidence must be viewed in the light most favorable to the party opposing the summary judgment motion. *See Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993).

     In this case, Plaintiff did not file a response to Defendant's summary judgment motion. Although Plaintiff's failure to respond does not allow the

Court to enter a "default" summary judgment, the Court is permitted to accept Defendant's evidence as undisputed. *Tutton v. Garland Indep. Sch. Dist.*, 733 F. Supp. 1113, 1117 (N.D. Tex. 1990); *Eversley v. Mbank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988). A nonmovant who does not respond to the summary judgment motion is "relegated to [her] unsworn pleadings, which do not constitute summary judgment evidence." *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (citing *Solo Serv. Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)).

Plaintiff's *pro se* status does not excuse her from filing a response. "District courts can make appropriate allowances for *pro se* responses that may be somewhat less-artfully written than those of represented parties. This can be accomplished, however, without excusing them from the most basic requirement that they file a response." *Bookman*, 945 F. Supp. at 1005. Plaintiff, despite her *pro se* status, "[is] not, as the party with the burden of proof [at trial], excused from the requirement that [she] set forth specific facts supporting [her] claim." *Id.* at 1004 (citing *Jones v. Sheehan, Young & Culp, P.C.*, 82 F.3d 1334, 1338 (5th Cir. 1996); *Douglass v. United Servs. Auto Ass'n*, 65 F.3d 452, 455 n.4 (5th Cir. 1995)).

<u>Negligence</u>

Plaintiff's first cause of action is for negligence. She alleges that Defendant "owed a duty to Plaintiff to exercise reasonably prudent and

ordinary care in repairing her car," and Defendant "violated this duty by negligently repairing her car[]." Compl. 2 ¶ 10. Plaintiff further alleges that Defendant failed to act as a reasonably prudent person would have under the same or similar circumstances by:

> A. Failing to ensure that the "car" was safely and properly repaired;
>
> B. Failing to maintain the "car" properly and correctly;
>
> C. Failing to service the "car" properly and correctly;
>
> D. Failing to repair the "car" properly and correctly; [and]
>
> F. Failing to act as a reasonably prudent person would have under the same or similar circumstances.[2]

Compl. 2 ¶ 10.

To prevail on her negligence claim, Plaintiff must show: (1) Defendant owed Plaintiff a legal duty; (2) Defendant breached that duty; and (3) Plaintiff suffered damages proximately caused by the breach. *See Nabors Drilling, USA, Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009). Defendant argues Plaintiff has no evidence to support the second or third

---

[2] Plaintiff also alleges Defendant was negligent in "E. Failing to warn Plaintiff that: shoes could fall from the shelves and cause injury." Compl. 2 ¶ 10. Plaintiff's reference to the improperly shelved shoes appears to have been inadvertently copied from her Complaint in another lawsuit filed the same day as the instant suit. *See* Compl. 2 ¶ 10 [ECF No. 3], *Lowe v. Burlington Stores, Inc.*, No. 3:16-CV-3068-B.

elements of her negligence claim. *See* Def.'s Br. 6-7 [ECF No. 27]. Indeed, Plaintiff has not come forward with evidence of any specific acts of negligence by Defendant or its employees. Plaintiff's mere allegation that one of Defendant's employees broke the oil filter bracket on her car is insufficient to satisfy her burden in response to Defendant's summary judgment motion. Plaintiff also has failed to come forward with evidence of any damages that were proximately caused by any alleged breach by Defendant. Defendant is therefore entitled to summary judgment on Plaintiff's negligence claim.

      Plaintiff asserts that she is entitled to the benefit of the doctrine of *res ipsa loquitur* because "the accident is not the kind that would ordinarily occur in the absence of someone's negligence." Compl. 5 ¶ 30. *Res ipsa loquitur* is not a separate cause of action. Rather, it is a rule of evidence by which negligence can be inferred by the jury. *Montfort Square Shopping Ctr., Ltd. v. Goodyear Tire & Rubber Co.*, 2012 WL 2358163, at \*11 (N.D. Tex. June 21, 2012) (quoting *Jones v. Tarrant Util. Co.*, 638 S.W.2d 862, 865 (Tex. 1982)). However, "[t]he doctrine 'is applicable only when: (1) the character of the accident is such that it would not ordinarily occur in the absence of negligence; and (2) the instrumentality causing the injury is shown to be under the management and control of the defendant." *Id.* (internal quotation marks and citation omitted). In its summary

judgment motion, Defendant argues that Plaintiff may not properly invoke *res ipsa loquitur* because Plaintiff has not shown that the alleged accident—damage to the oil filter on a twenty-year-old car—is not the type of damage which would not have occurred without negligence; nor has she shown that her car, and the allegedly damaged oil filter, was under Defendant's sole management and control. Plaintiff failed to respond to Defendant's arguments and did not come forward with evidence to raise a fact question that the doctrine of *res ipsa loquitur* applies in this case.

      Plaintiff also asserts that Defendant is vicariously liable for the negligence of its mechanic and other employees. *See* Compl. 6-7 ¶¶ 38-39. Under the legal doctrine of vicarious liability, "an employer is liable for its employee's tort only when the tortious act falls within the scope of the employee's general authority in furtherance of the employer's business and for the accomplishment of the object for which the employee was hired." *Minyard Food Stores, Inc. v. Goodman*, 80 S.W.3d 573, 577 (Tex. 2002) (citing *Robertson Tank Lines, Inc. v. Van Cleave*, 468 S.W.2d 354, 357 (Tex. 1971)). "[F]or an employee's acts to be within the scope of employment, 'the conduct must be of the same general nature as that authorized or incidental to the conduct authorized.'" *Goodman*, 80 S.W.3d at 577 (quoting *Smith v. M Sys. Food Stores, Inc.*, 156 Tex. 484 (1957)). Defendant argues that Plaintiff has no evidence to support her theory of

8

vicarious liability. *See* Def.'s Br. 9. Specifically, Defendant argues that Plaintiff has no evidence that Defendant's employees were acting within the scope of their employment with respect to any conduct that allegedly resulted in damage to her car. Plaintiff did not respond to Defendant's summary judgment arguments and came forward with no evidence to support her vicarious liability theory. Her mere allegations that Defendant is vicariously liable for the alleged damage to her car cannot satisfy her burden.

Defendant is entitled to summary judgment with respect to Plaintiff's negligence claim, including any claim for vicarious liability or based upon the doctrine of *res ipsa loquitur.*

### Products Liability

Plaintiff's next claim is for products liability. *See* Compl. 3 ¶ 13. Plaintiff alleges that Defendant "displayed the 'car repair services' in a manner so as to render it defective, unsafe, and unreasonably dangerous." Compl. 3 ¶ 13. Plaintiff also alleges that "[a]t the time of the 'incident,' the 'car repair service' were [sic] being used in a manner for which it was not designed, manufactured, assembled and sold." Compl. 3 ¶ 13.

The Texas Product Liability Act, Tex. Civ. Prac. & Rem. Code § 82.001, *et seq.*, governs all products liability claims, whether the claim is based on strict liability, negligence, misrepresentation, or some other

9

theory. *See* Tex. Civ. Prac. & Rem. Code § 82.001(2) (defining a "products liability action" as "any action against a manufacturer or seller for recovery of damages arising out of personal injury, death, or property damage allegedly caused by a defective product whether the action is based in strict tort liability, strict products liability, negligence, misrepresentation, breach of express or implied warranty, or any other theory or combination of theories"). Under Section 82.003 of the Product Liability Act, a seller that did not manufacture the product that is alleged to have caused the damage is generally not liable for the harm caused by the product. *See id.* § 82.003; *see also Escalante v. Deere & Co.*, 3 F. Supp. 3d 587, 589 (S.D. Tex. 2014) (discussing "blanket protection" of nonmanufacturing sellers under Texas law). Rather, to recover against a nonmanufacturing seller of a product, a plaintiff must plead and prove one of seven specified exceptions to this blanket protection. *See* Tex. Civ. Prac. & Rem. Code § 82.003(a)(1).

  Defendant argues that Plaintiff's product liability claim fails because she cannot prove that Defendant manufactured or sold a specific product that caused her alleged damages, nor can she show that any of the seven exceptions for nonmanufacturing seller liability applies in this case. *See* Def.'s Br. 4. Indeed, Plaintiff alleges that Defendant's *services*, rather than any "*product*" caused her damages. To the extent that Plaintiff's claim can be construed to allege that Defendant sold a defective product, she has not

10

alleged—much less adduced evidence to raise a fact question—that any of the seven exceptions under Section 82.003 apply. *See* Def.'s Br. 4. In the absence of any evidence to support her products liability claim, Defendant is entitled to summary judgment with respect to this claim.

### Breach of Warranty

Plaintiff next alleges that Defendant breached implied and express warranties that the "car repair services [were] in a good and workmanlike manner" and "were merchantable and fit for ordinary use." Compl. 3 ¶¶ 16, 19. More specifically, Plaintiff alleges that Defendant

> A. offer[ed] "car repair services," which was not merchantable and fit for ordinary use;
>
> B. fail[ed] to service the "car" in a good and workmanlike manner;
>
> C. releas[ed] into the stream of commerce the "car repair services," which was not merchantable; and
>
> D. [was negligent] in the offering of the "car repair services."

Compl. 3 ¶¶ 16, 19. Plaintiff fails to elaborate on these assertions with any specific facts.

Texas law recognizes a cause of action for breach of an implied warranty of merchantability in connection with the sale of goods. *See* Tex. Bus. & Com. Code § 2.314(a) ("[A] warranty that the goods shall be

11

merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind.") However, "to demonstrate a breach of an implied warranty of merchantability, a plaintiff must establish that the product has a defect which renders it unfit for its ordinary purpose." *Ackermann v. Wyeth Pharm.*, 471 F. Supp. 2d 739, 744-45 (E.D. Tex. 2006), *aff'd*, 526 F.3d 203 (5th Cir. 2008) (citing *Gen. Motors v. Garza*, 179 S.W.3d 76 (Tex. App.—San Antonio 2005, no pet.)).

Texas law also recognizes express and implied warranties for good and workmanlike services. The elements of a claim for breach of an express warranty for services are "(1) the defendant sold services to the plaintiff; (2) the defendant made a representation to the plaintiff about the characteristics of the services by affirmation of fact, by promise, or by description; (3) the representation became part of the basis of the bargain; (4) the defendant breached the warranty; (5) the plaintiff notified the defendant of the breach; and (6) the plaintiff suffered injury." *Paragon Gen. Contractors, Inc. v. Larco Const., Inc.*, 227 S.W.3d 876, 886 (Tex. App.—Dallas 2007, no pet.). Similarly, the elements of a claim for breach of an implied warranty for good and workmanlike services are (1) the defendant sold services to Plaintiff; (2) the services consisted of the repair or modification of the plaintiff's existing tangible goods or property; (3) the defendant did not perform the services in a good and workmanlike

12

manner; and (4) the plaintiff suffered injury. *See Parkway Co. v. Woodruff*, 901 S.W.2d 434, 438-39 (Tex. 1995).

Defendant argues that Plaintiff's breach of warranty claims fail for lack of evidence on multiple grounds. *See* Def.'s Br. 11. In particular, Defendant argues that Plaintiff's claim for breach of the implied warranty of merchantability fails because she has no evidence that Defendant sold her any "goods" that caused her damages. Similarly, with respect to her claim for breach of the implied warranty of good and workmanlike services, Defendant argues that Plaintiff has no evidence she paid for any services provided by Defendant or that she sustained any specific injury allegedly caused by a breach of warranty. With respect to her claim for breach of the express warranty of services, Defendant argues that Plaintiff cannot show that Defendant made any affirmation or promise with respect to its services or that Plaintiff relied on any such affirmation or promise.

Plaintiff failed to adduce any competent summary judgment evidence in response to Defendant's arguments. The record is wholly void of any evidence of an express warranty or facts that would support an implied warranty. There is also no evidence that Plaintiff suffered a particular injury as a result of any alleged breach of warranty. In the absence of any evidence that would raise a fact issue as to Defendant's

13

liability for breach of an express or implied warranty, Defendant is entitled to summary judgment on these claims.

## DTPA

Next, Plaintiff alleges that Defendant violated Section 17.50(a)(2) of the DTPA by breaching an express and/or implied warranty to Plaintiff, and violated Section 17.50(a)(3) through its "unconscionable action or course of action." Compl. 5 ¶ 34. Under Texas law, the elements of a DTPA claim are: "(1) the plaintiff is a consumer, (2) the defendant engaged in false, misleading, or deceptive acts, and (3) these acts constituted a producing cause of the consumer's damages." *Doe v. Boys Club of Greater Dallas, Inc.*, 907 S.W.2d 472, 478 (Tex. 1995) (citing Tex. Bus. & Com. Code § 17.50(a)(1)). "The DTPA provides that 'a consumer' may bring an action for a variety of deceptive business practices listed under the Act." *Cushman v. GC Serv., L.P.*, 397 F. App'x 24, 27-29 (5th Cir. 2010). A "consumer" under the DTPA is defined as one who "seeks or acquires by purchase or lease, any goods or services." Tex. Bus. & Com. Code § 17.45(4). "Goods" include "tangible chattels or real property purchased or leased for use." *Id.* at § 17.45(1). "Services" are defined as "work, labor, or service purchased or leased for use, including services furnished in connection with the sale or repair of goods." *Id.* at § 17.45(2).

14

"[T]he DTPA does not define or create any warranties." *Ackermann v. Wyeth Pharm.*, 471 F. Supp. 2d 739, 744 (E.D. Tex. 2006) (citing *Parkway Co. v. Woodruff*, 901 S.W.2d 434, 438 (Tex. 1995)). "Warranties actionable under the DTPA, both express and implied, must be first recognized by common law or created by statute." *Id.* (citing *Parkway Co.*, 901 S.W.2d at 438); *see also La Sara Grain Co. v. First Nat'l Bank of Mercedes*, 673 S.W.2d 558, 565 (Tex. 1984) ("[T]he [DTPA] does not create any warranties; therefore any warranty must be established independently of the act."). Furthermore, a consumer may bring a cause of action under the DTPA for "any unconscionable action or course of action by any person." Tex. Bus. & Com. Code § 17.50(a)(3). An "unconscionable action or course of action" is "an act or practice which, to a consumer's detriment, takes advantage of the lack of knowledge, ability, experience, or capacity of the consumer to a grossly unfair degree." *Id.* at § 17.45(5).

Defendant argues that Plaintiff has no evidence to support her DTPA claim. *See* Def.'s Br. 17. As previously discussed, Plaintiff has no evidence that Defendant breached any express or implied warranties. Further, Plaintiff has no evidence that Defendant committed any "unconscionable act." Her conclusory allegation that defendant violated the DTPA through an unconscionable decision is wholly devoid of any factual support in the record. Plaintiff has thus failed to meet her summary judgment burden

15

with respect to her DTPA claim, and Defendant is entitled to summary judgment with respect to this claim.

### Breach of Contract

Plaintiff also asserts a claim for breach of contract. "The elements of a claim for breach of contract under Texas law are: (1) the existence of a valid contract; (2) the plaintiff's performance or tendered performance; (3) the defendant's breach of the contract; and (4) damages to the plaintiff resulting from the breach." *Cooper v. Harvey*, 108 F. Supp. 3d 463, 470 (N.D. Tex. 2015) (citing *Lewis v. Bank of Am. N.A.*, 343 F.3d 540, 545 (5th Cir. 2003)). To prove the existence of a valid contract, a plaintiff must establish the existence of: (1) an offer, (2) an acceptance, (3) mutual assent, (4) execution and delivery of the contract with the intent that it be mutual and binding, and (5) consideration supporting the contract. *Baylor Univ. v. Sonnichsen,* 221 S.W.3d 632, 635 (Tex. 2007).

Defendant argues that Plaintiff has no evidence to support her breach of contract claim. *See* Def.'s Br. 14. The Court agrees. Although Plaintiff alleges that she "entered into a valid contractual relationship," which involves "several steps and activities, including inspecting and comparing the goods and their prices, inquiring about the terms and conditions, and even negotiating," Compl. 4 ¶ 22, she has failed to adduce any evidence of a valid contract. Specifically, there is no evidence in the

16

summary judgment record that an offer was made or accepted, that adequate consideration was given, or of the specific terms of any contract. Plaintiff also fails to allege—much less point to evidence—that she performed or tendered performance. Therefore, Defendant is entitled to summary judgment with respect to this claim.

## Assault & Battery

Finally, Plaintiff alleges that Defendant is liable for assault and battery because Defendant "allowed her car to be in unsafe and unreasonably dangerous conditions, which were the producing and proximate cause of the damages to her car[,]" and that Defendant's "actions placed Plaintiff in great danger of bodily injury." Compl. 5-6 ¶¶ 25, 28. Defendant argues that Plaintiff has no evidence to support her assault and battery claims. *See* Def.'s Br. 16.

"The elements of a battery claim are '(1) a harmful or offensive contact (2) with a plaintiff's person.'" *Thawar v. 7-Eleven, Inc.*, 165 F. Supp. 3d 524, 530 (N.D. Tex. 2016) (quoting *Jackson v. Tex. S. Univ.*, 997 F. Supp. 2d 613, 632 (S.D. Tex. 2014)). "Actual physical contact is not necessary to constitute a battery under Texas law, so long as there is 'contact with clothing or an object closely identified with the body.'" *Rhine v. First Baptist Dallas Church*, 2016 WL 6471941, at *7 (N.D. Tex. Oct. 4, 2016) (quoting *Fisher v. Carrousel Motor Hotel, Inc.*, 424 S.W.2d 627, 629

(Tex. 1967)). Similarly, "[a] person commits an assault and thus may be liable in a civil case if he 'intentionally or knowingly causes physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative.'" *Nichols v. Apartment Temporaries, Inc.*, 2001 WL 182701, at *2 (N.D. Tex. Jan. 22, 2001) (quoting *Green v. Indust. Specialty Contractors, Inc.*, 1 S.W.3d 126, 134 (Tex. App.-Houston [1st Dist.] 1999, no pet.)).

      Defendant argues that Plaintiff cannot prove that it caused any physical contact with Plaintiff, or any item close to her person, or that any such contact was offensive or provocative, as required to support her claims for assault and battery. Defendant further argues that Plaintiff cannot prove Defendant acted with the requisite intent. Plaintiff failed to respond to Defendant's summary judgment motion and has not identified any evidence to support her claims for assault and battery. Indeed, Plaintiff has not even pleaded, as a threshold matter, that an employee of Defendant caused any physical contact that was offensive or provocative. Because Plaintiff failed to meet her summary judgment burden with respect to her assault and battery claims, Defendant is entitled to summary judgment with respect to these claims.

## **RECOMMENDATION**

Defendant's summary judgment motion [ECF No. 26] should be GRANTED, and all of Plaintiff's claims and causes of action should be DISMISSED with prejudice. Defendant's motion to dismiss [ECF No. 23] is moot.

**SO RECOMMENDED**.

July 9, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## **INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).