IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SHERRI R. LOWE, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | §   No. 3:16-CV-3067-K (BT) |
| | § |
| FIRESTONE TIRE & RUBBER | § |
| COMPANY, | § |
| | § |
| Defendant. | § |

## ORDER

Before the Court is Defendant Bridgestone Retail Operations, LLC's Motion for Attorney's Fees [ECF No. 21]. For the reasons stated, Defendant's Motion for Attorney's Fees is GRANTED, in part.[1]

## BACKGROUND

Plaintiff Sherri R. Lowe filed this *pro se* civil action on November 1, 2016,

---

[1] A magistrate judge has authority to enter a non-dispositive order granting attorneys' fees as a sanction *See Merritt v. Int'l Bhd. of Boilermakers*, 649 F.2d 1013, 1016-17 (5th Cir. Unit A 1981); *see also Orchestratehr, Inc. v. Trombetta*, 178 F. Supp. 3d 476, 480-81 (N.D. Tex. 2016), *obj. overruled*, 2016 WL 5942223 (N.D. Tex. Oct. 13, 2016) (citing *Brown v. Bridges*, 2015 WL 410062, at *1-*4 (N.D. Tex. Jan. 30, 2015) (explaining that, when a district judge refers a motion for sanctions to a magistrate judge, the sanction chosen by the magistrate judge, rather than the sanction sought by the party, governs the determination of whether Federal Rule of Civil Procedure 72(a) or 72(b) applies and that, when the magistrate judge finds that dismissal or another sanction disposing of a claim or defense is unwarranted, the motion should be characterized as non-dispositive and may be ruled on by the magistrate judge)).

and paid the filing fee. *See* New Case Notes [ECF No. 1]. By her lawsuit, Plaintiff seeks $10 million in damages because a mechanic at a Firestone Complete Auto Care Store owned by Defendant allegedly broke the housing for the oil filter on her 1998 BMW 540, when she brought the car to the store for an oil change. *See* Compl. 1 [ECF No. 3].

Plaintiff served Defendant, by mail, on November 7, 2016. *See* Return [ECF No. 6]. Defendant filed its Answer [ECF No. 7] on November 28, 2016. On the same day, Plaintiff filed a motion for default judgment, in which she claimed Defendant had failed to timely file an answer and erroneously asserted that the Clerk had already entered a default. *See* Mot. 2 [ECF No. 10]. Defendant filed a response to Plaintiff's motion on November 30, 2016. *See* Resp. [ECF No. 11]. Plaintiff then filed two additional motions for default judgment. *See* Mots. [ECF Nos. 12, 13, 14]. In the second motion, Plaintiff accused Defendant of committing "fraud on the court" because it "indicat[ed] that it is the correct party instead of defendant Firestone Tire & Rubber Company." *See* Mot. 1 [ECF No. 12]. In her third motion, Plaintiff accused Defendant's attorneys of committing fraud on the Court "due to the fact that they failed to timely apply for admission to practice before this court." *See* Mot. 2 [ECF No. 14].

Defendant filed a combined response to Plaintiff's second and third motions for default judgment. *See* Resp. [ECF No. 17]. In support of its response,

Defendant submitted evidence that it is the proper party to this lawsuit because it owns, and owned at the time of the alleged incident, the Firestone Complete Auto Care store referenced in Plaintiff's complaint. *See id.*, Exh. 3. Defendant also asked the Court to take notice of the fact that defense counsel are members in good standing of the bar of the Northern District of Texas. *See* Resp. 5-6 [ECF No. 17]. In the case of lead counsel, Mr. Scott Edwards has been a member of the bar of this Court since 1988. *See id.* The Court ultimately found that Defendant had timely filed its Answer and denied all of Plaintiff's motions as lacking merit. *See* Order [ECF No. 19].

Defendant requested attorneys' fees in connection with Plaintiff's duplicative motions for default judgment, because Defendant was forced to expend time and resources filing multiple responses, and because Plaintiff needlessly increased the cost of litigation. *See* Resp. 6-7 [ECF No. 17]. The Court directed Defendant to file a separate motion seeking fees, and informed the parties that the Court would rule on Defendant's fee request after Plaintiff was afforded an opportunity to respond. *See* Order [ECF No. 19]. Defendant filed its Motion for Attorney Fees [ECF No. 21] on September 28, 2017. Plaintiff never filed a response to this motion, and the time to do so has passed.

Because Defendant's Motion for Attorney's Fees did not provide detailed billing entries describing the various tasks conducted, on April 30, 2018, the

Court ordered Defendant to provide the Court with this information within one week. *See* Order [ECF No. 29]. On May 7, 2018, Defendant filed the Second Affidavit of Scott G. Edwards which provides the detailed billing entries. *See* Notice [ECF No. 30]. Plaintiff did not file anything in response to the Court's April 30, 2018 order directing Defendant to provide the detailed billing entries. In fact, Plaintiff's last filing in this case was on December 23, 2016. *See* Req. for Entry of Default [ECF No. 15].

## **LEGAL STANDARDS AND ANALYSIS**

Defendant seeks attorney's fees under Fed. R. Civ. P. 11. Rule 11 permits the Court to impose an appropriate sanction if a pleading, motion, or other paper is presented for any improper purpose, such as to harass or needlessly increase the cost of litigation, or if the claims or arguments contained in the pleading or motion are legally frivolous or lack factual support. *See* Fed. R. Civ. P. 11(b).[2]

---

[2] Specifically, Rule 11(b) provides:

> By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

4

"[T]he central purpose of Rule 11 is to deter baseless filings in district court and thus . . . streamline the administration and procedure of federal court." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). The Court must carefully choose sanctions that further the purpose of the rule and should impose the least severe sanctions that would adequately deter its violation. *See* Fed. R. Civ. P. 11(c)(4) ("A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated."). When warranted, sanctions may include an order directing payment to an opposing party of some or all of the reasonable attorney's fees or costs incurred as a result of the violation. *See* Fed. R. Civ. P. 11(c)(4).

  In this case, the Court finds that sanctions in the form of attorneys' fees are warranted. Plaintiff filed three motions for default judgment for the improper purpose of attempting to obtain a $10 million default judgment to which she was not entitled. Her motions were based on patently false claims contained in a sworn affidavit that "default was entered in the civil docket in the office of this

---

   (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

   (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

clerk on the [sic] November 28, 2016" and that "no answer or other defense has been filed by the Defendant." *See* Mot. 2 [ECF No. 10] & Mot. 5 [ECF No. 14]. Even a cursory review of the docket reveals that neither statement is true--the Clerk never made an entry of default on the docket, and Defendant timely filed its answer. Defendant demonstrated the falsity of these statements in its response to Plaintiff's first Motion for Default Judgment. *See* Resp. [ECF No. 11]. But, that did not deter Plaintiff from repeating the false statements in a sworn affidavit submitted in connection with her second motion for default judgment. Defendant also provided Plaintiff an opportunity to withdraw her motions and warned her that it intended to seek sanctions if she persisted in filing frivolous pleadings. *See* Mot. App. [ECF No. 17], Exh. 4. Plaintiff ignored Defendant and filed a third motion for default judgment. In addition to being filed for an improper purpose, Plaintiff's motions for default judgment constitute harassment and needlessly increased the cost of litigation.

Plaintiff's *pro se* status does not excuse her from complying with Rule 11. *See, e.g., Farguson v. MBank Houston, N.A.*, 808 F.2d 358 (5th Cir. 1986) (upholding sanction against *pro se* plaintiff who made unsupported allegations against various defendants). Plaintiff is an experienced litigant, who has a history of filing frivolous lawsuits. Defendant has produced evidence that Plaintiff has been declared a vexatious litigant by the 193rd Judicial District Court of Dallas

County, Texas, and is now required to seek and receive written permission from the Local Administrative Judge for Dallas County prior to filing any new *pro se* litigation in Texas state courts. *See* Mot. App. [ECF No. 17], Exh. 1. Plaintiff also has filed at least ten cases in the Northern District of Texas: (1) *Lowe v. Wellcare Health Plans, Inc.*, No. 3:09-CV-806-D; (2) *Lowe v. Wellcare Health Plans, Inc.*, No. 3:11-CV-9-L; (3) *Lowe v. ViewPoint Bank*, No. 3:12-CV-1725-G; (4) *Lowe v. Extend Health, Inc.*, No. 3:14-CV-1407-K; (5) *Lowe v. UHF Magnolia Trace, LP*, No. 3:14-CV-1460-M; (6) *Lowe v. Wal-Mart Stores, Inc.*, No. 3:16-CV-2017-N; (7) the instant case, *Lowe v. Firestone Tire & Rubber Company*, No. 3:16-CV-3067-K; (8) *Lowe v. Burlington Stores, Inc.*, No. 3:16-CV-3068-B; (9) *Lowe v. Dallas Police Department*, No. 3:17-CV-704-G; and (10) *Lowe v. Shalan*, No. 3:18-CV-525-M. All but the instant case, and *Lowe v. Shalan*, No. 3:18-CV-525-M have been dismissed; although this Court has entered Findings, Conclusions, and a Recommendation that the District Court dismiss with prejudice Plaintiff's claims in this case.

Plaintiff's proclivity for filing baseless litigation has not gone unnoticed. In *Lowe v. Wal-Mart Stores, Inc.*, No. 3:16-CV-2017-N, the Court admonished Plaintiff:

> The Court recognizes that this is not Plaintiff Lowe's first go-round in this tribunal, and the cases have all been dismissed. . . At this juncture, Plaintiff[ ] should be well enough aware of the

7

> litigation process to know that [she has] to raise specific factual allegations to avoid dismissal of their claims.

*See* Findings 10 n.2 [ECF No. 27] (internal citations omitted). The Fifth Circuit has also dismissed Plaintiff's appeals for want of prosecution in the two instances that Plaintiff filed appeals. *See Lowe v. ViewPoint Bank*, No. 3:12-CV-1725-G; *Lowe v. UHF Magnolia Trace, LP*, No. 3:14-CV-1460-M. This Court gave Plaintiff notice of and reasonable opportunities to respond to Defendant's assertions that her conduct violated Rule 11, *see* Orders [ECF Nos. 19 & 29], but she failed to respond to Defendant's motion or the Court's Orders. In view of the circumstances, the Court finds that an award of attorneys' fees is warranted and appropriate to deter Plaintiff from persisting in improper litigation conduct in the future.

Defendant seeks $5,949.50 in attorney fees as follows: (1) 4.4 hours at a rate of $275.00/hour for a total of $1,210.00 for the services performed by partner attorney Scott G. Edwards; (2) 27.4 hours at a rate of $165.00/hour for a total of $4,521.00 for the services performed by associate attorney Colin L. Powell; and (3) 1.9 hours at a rate of $115.00/hour for a total of $218.50 for the services performed by a paralegal. *See* 2d Aff. 2-4 [ECF No. 30-1]. Mr. Edwards states in his affidavit that the entries for 2017 were billed at the 2016 rates, despite rate increases in 2017. *See* 2d Aff. 2. The court has reviewed the detailed

billing entries provided and finds that most of the time submitted is reasonable for the various tasks described, and that the hourly rates of $275.00/hour for partners, $165.00/hour for associates, and $115.00/hour for paralegals are reasonable. *See* 2d Aff. 2-4 [ECF No. 30-1]; *Vanliner Ins. Co. v. DerMargosian*, 2014 WL 1632181, at *2 (N.D. Tex. Apr. 24, 2014) (noting that the Court is an expert on the reasonableness of attorneys' fees).

     Although the Court recognizes that an associate attorney may need guidance from a partner attorney in performing some tasks, the Court excludes from the fee award the time entries for partner attorney Mr. Edwards, because they are largely duplicative of the tasks performed by associate attorney Mr. Powell, who performed most of the tasks for which Defendant seeks fees. *See* 2d Aff. 2-4. Therefore, the Court excludes from the fee award $1,210.00 (4.4 hours at the partner rate of $275.00/hour). The Court also excludes from its award 0.3 hour of paralegal time for an entry on December 27, 2016 described as "[a]ttention to motions for default judgment filed by Plaintiff," because it is unclear from this description whether the task performed was secretarial, and parties may only be compensated for paralegal time spent on non-secretarial tasks. *See* 2d Aff. 4; *Merrick v. Scott*, 2011 WL 1938188, at *5 (N.D. Tex. May 20, 2011) ("Of course, purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them." (citing *Missouri v. Jenkins*, 491

U.S. 274, 288 n.10 (1989))). Therefore, the Court also deducts $34.50 (0.3 hour at the paralegal rate of $115.00/hour) from the fee award. The resulting lodestar award after these deductions is $4,705.00.

Although "[t]here is a 'strong presumption that the lodestar award is the reasonable fee[,]' . . . 'the court must consider whether the lodestar amount should be adjusted upward or downward, depending on the circumstances of the case and after addressing the *Johnson* factors.'" *DerMargosian*, 2014 WL 1632181, at *2 (quoting *Heidtman v. Cty. of El Paso*, 171 F.3d 1038, 1044 (5th Cir. 1999); *Sec. & Exch. Comm'n v. AmeriFirst Funding, Inc.*, 2008 WL 2185193, at *1 (N.D. Tex. May 27, 2008)). Upon consideration of the *Johnson* factors,[3] the Court does not find that any adjustment to the lodestar is necessary. *See DerMargosian*, 2014 WL 1632181, at *2 n.6 ("[C]ourts 'need not specifically

---

[3] The Johnson factors are: (1) the time and labor required for the litigation; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Castro v. Precision Demolition, LLC*, 2017 WL 6381742, at *2 n.2 (N.D. Tex. Dec. 14, 2017) (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)). "The Supreme Court has barred any use of the sixth factor." *Castro*, 2017 WL 6381742, at *2 n.2 (citing *Merrick*, 2011 WL 1938188, at *1; *Rutherford v. Harris Cty.*, 197 F.3d 173, 193 (5th Cir. 1999)). "And the second factor generally cannot be used as a ground for enhancing the award." *Castro*, 2017 WL 6381742, at *2 n.2 (citing *Perdue v. Kenny A.*, 559 U.S. 542, 553 (2010)).

discuss the *Johnson* factors where [they have] applied the *Johnson* framework.'") (citing *E.E.O.C. v. Agro Distribution, LLC*, 555 F.3d 462, 473 (5th Cir. 2009))).

## CONCLUSION

Plaintiff needlessly increased the costs of litigation in this case by filing multiple motions for default judgment when Defendant timely filed its Answer. Furthermore, Plaintiff was afforded a reasonable opportunity to respond to Defendant's Motion for Attorney's Fees, but failed to do so. Therefore, Defendant's Motion for Attorney's Fees is GRANTED in part, and Defendant is awarded $4,705.00 in attorneys' fees. Plaintiff shall make the payment to Defendant's attorneys of record by August 1, 2018, unless the parties agree to a different date.

**SO ORDERED**.

July 9, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE